the plea of *res judicata* that defendant, A. A. McDonald and wife, Mary Reade McDonald, the makers of both liens, had theretofore brought an action to restrain defendant, Chickamauga Trust Company, trustee, from selling, "alleging as a basis of said action that there was no delinquent installments of principal and interest due on said note and upon the pleadings and affidavits in said action, Judge N. A. Sinclair found as a fact that the said installments were delinquent and ordered the restraining order issued in that action dissolved. The said A. A. McDonald appealed to the Supreme Court from said judgment, but never perfected said appeal, and it was dismissed under Supreme Court Rule 10, and judgment certified down to the clerk of the Superior Court of Harnett County. These defendants say that the allegations contained in paragraph 9 of the complaint in this action involve a question which is *res judicata* and ask that the pleadings, affidavits and judgments rendered in the action brought by A. A. McDonald and wife, Mary Reade McDonald, against these defendants be considered a part of this answer by reference thereto as fully as if set out herein."

The above matter of *res judicata*, the affidavit of defendant, A. A. McDonald, and the affidavit of M. M. Elliott, president of the defendant, Chickamauga Trust Company, trustee, were all in evidence in the court below.

The court below rendered the following judgment: "This cause coming on to be heard before the undersigned judge of the Superior Court, and being heard upon the pleadings and affidavits of plaintiffs and defendants: It is hereupon ordered and adjudged that the restraining order heretofore issued in this case be, and the same is hereby dissolved, the court having found as a fact that the deed of trust from A. A. McDonald and wife to the Chickamauga Trust Company, trustee, is a prior lien to that of the Bank of Coats, and the said defendants are hereby permitted to proceed to foreclose their deed of trust."

The judgment of the court below is affirmed on authority of *Roebuck v. Carson,* 197 N. C., 492.

Affirmed.

---

EMMA RATCLIFF v. W. H. DUNCAN.

(Filed 22 October, 1930.)

APPEAL by defendant from *Schenck, J.,* at October Term, 1929, of SWAIN.

Civil action in ejectment or to recover possession of a tract of land.

From a directed verdict in favor of plaintiff, and judgment thereon, the defendant appeals, assigning errors.

*Moody & Hall for plaintiff.*
*Edwards & Leatherwood and Alley & Alley for defendant.*

PER CURIAM. No error having been made to appear, the verdict and judgment will be upheld.

No error.

---

### E. A. HELSABECK v. H. F. VASS ET AL.

(Filed 22 October, 1930.)

APPEAL by defendant, H. F. Vass, from *Johnson, Special Judge,* at March Term, 1930, of FORSYTH.

Civil action to restrain sale of property under execution.

From a verdict and judgment in favor of plaintiff, the defendant, H. F. Vass, appeals, assigning errors.

*W. T. Wilson and Chas. R. Helsabeck for plaintiff.*
*J. E. Alexander and Lacy M. Butler for defendant, appellant.*

PER CURIAM. The trial of the case accords substantially with the opinion rendered on the first appeal, 196 N. C., 603, 146 S. E., 576, and it would serve no useful purpose to reiterate the facts or to restate the contentions of the parties. The record is apparently free from reversible error. The verdict and judgment will be upheld.

No error.

---

### CAMEL CITY LUMBER COMPANY v. C. C. INGRAM ET AL.

(Filed 5 November, 1930.)

APPEAL by defendants from *Clement, J.,* at April Term, 1930, of FORSYTH.

Civil action to recover for materials furnished by plaintiff and used by H. L. Steelman, contractor, in the construction of an apartment house for C. C. Ingram, owner.

From the judgment entered on facts agreed, found or not disputed, the defendants appeal, assigning error.